### WALKER HARGROVE v. THE STATE.

No. 3865.   Decided February 20, 1907.

**Carrying Pistol—Misconduct of Jury.**

Where upon trial for unlawfully carrying a pistol, the jury in their retirement discussed the defendant's character as an old law breaker, etc., the verdict must be set aside, although the defendant pleaded guilty; the maximum fine having been assessed.

Appeal from the County Court of Montague.   Tried below before the Hon. Geo. S. March.

Appeal from a conviction for unlawfully carrying a pistol; penalty, a fine of $200.

The opinion states the case.

*Jas. A. Graham,* for appellant.—Mitchell v. State, 36 S. W. Rep., 456; Ysaguirre v. State, 58 S. W. Rep., 1005.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, and his punishment assessed at a fine of $200; and prosecutes this appeal.

On the trial, after the jury was empaneled and sworn, appellant entered plea of guilty. No testimony was introduced enabling the jury to graduate the punishment. They found appellant guilty on his plea and assessed his punishment at a fine of $200. Appellant contends that the jury were not authorized to have assessed a penalty against him for more than the minimum, and that the verdict could not be supported on this account. Appellant further contends that on account of the misconduct of the jury he is entitled to a new trial. The misconduct of the jury relied on by appellant, and which is supported by testimony, is to the effect that after the jury retired they discussed appellant's character and some of the jurors were not willing to give him the lowest punishment, and they assigned as a reason therefor in the jury-room that appellant was an old law-breaker and for that reason he should not have the lowest penalty. Another juror testified that it was stated in the jury-room that defendant was a rough character and an old law-breaker, and had had several cases in court before and that his character was not good and that he ought not to have the lowest penalty. Another juror testified that he was in favor of giving a boy who pleaded guilty of carrying a pistol the lowest penalty, but appellant was a married man and ought to be interested in the morals of the country. Another juror testified that it was stated in the jury-room, in order to enhance appellant's punishment, that he was running a "Frosty Joint"; that he was an old law-breaker, a man

of hard character, and had had several cases in court. We think on this proof the court below should have given appellant a new hearing. Evidently the jury were induced by improper influences in the jury-room to assess against appellant a greater punishment than the lowest authorized by law. The judgment is reversed and the cause remanded.

*Reversed and remanded.*