## Gene Hall v. The State.

### No. 3763. Decided December 11, 1907.

**1.—Burglary—Accomplice—Corroboration.**

Where upon trial for burglary defendant was charged as an accomplice, and the State relied upon the testimony of accomplices, their testimony must not only be corroborated as to the fact that the offense was committed, but must be corroborated with equal cogency that the party accused as an accomplice brought himself within the purview of the statute in his advice or assistance. See opinion for facts which were not sufficient to show that defendant had advised or incouraged or aided in the commission of the crime.

**2.—Same—Alibi—Insufficiency of Evidence.**

Where upon trial for burglary the defendant was charged as an accomplice, the evidence showed that he was at a different place, some three or four miles from the scene of the alleged burglary, about the time the said burglary is alleged to have been committed, and the only testimony was the uncorroborated statement of two accomplices, the evidence is insufficient to sustain the conviction.

**3.—Same—Misconduct of Jury—New Trial.**

Where upon trial for burglary it was shown on motion for new trial that the jury considered damaging matter against the defendant, not in evidence, and discussed defendant's reputation as a violator of the local option law, and his failure to testify in his behalf, the verdict cannot be sustained.

Appeal from the District Court of Haskell. Tried below before the Hon. Cullen C. Higgins.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. H. Murchison, Jas. A. Stephens* and *J. H. Milam,* for appellant.— On question of misconduct of jury: Kegans v. State, 16 Texas Ct. Rep., 701; Mitchell v. State, 38 Texas Crim. Rep., 278; Tate v. State, 38 Texas Crim. Rep., 261; Holmes v. State, 38 Texas Crim. Rep., 370; Washburn v. State, 31 Texas Crim. Rep., 352; Hargroves v. State, 33 Texas Crim. Rep., 431; Cowan v. State, 49 Texas Crim. Rep., 466; 16 Texas Ct. Rep., 60; Morawitz v. State, 49 Texas Crim. Rep., 366; 15 Texas Ct. Rep., 880.

The court erred in overruling appellant's motion in the court below for a new trial because of the insufficiency of the evidence to sustain the verdict: Art. 780, Willson's Code Crim. Proc.; Barber v. State, 70 S. W. Rep., 210; Buchannan v. State, 24 S. W. Rep., 895; O'Quinn v. State, 53 S. W. Rep., 110; Bismark v. State, 73 S. W. Rep., 965; Martin v. State, 21 Texas Crim. App., 1; 17 S. W. Rep., 430; Simmons v. State, 74 S. W. Rep., 762.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was prosecuted under an indictment charging him as an accomplice to the burglary of the depot of the Orient Railway Company at the little village of Carney. Two errors are urged: First, the insufficiency of the evidence; second, the misconduct of the jury. Appellant was not charged as a principal but as an accomplice, advising, etc., those who should have burglarized the depot. The theory of the State, which is supported by the evidence, is that the burglary was committed for the purpose of stealing whisky which had been shipped in over the railroad by the express company consigned to different parties at Carney. Local option was in vogue in this particular section. Some of the whisky was consigned to Gene Hall (appellant) and some to other parties. The two witnesses for the State, Hub Speck and Claud Hindes, testified that they entered this house and took

out some whisky; one of them does not mention the amount, and the other states thirty-one quarts. The depot agent, who is also the express agent, testified that he knew thirty-five quarts were taken and perhaps more. These two confessed burglars turned State's evidence and testified, among other things, they had been drinking that night; had gone to prayer meeting, taking some girls; returned from the meeting and got in a buggy; that they had about a pint of whisky and it was nearly exhausted, and wanted more. These were boys, about 17 or 18 years of age; that in search of whisky they went to appellant's house, and he was absent; they drove away hunting appellant; going down a street some distance away they met appellant and said something about desiring whisky; he informed them that he did not have any or very little; they then offered him a drink out of what they had remaining in their bottle; one testified that he declined to drink, the other that he accepted and did drink. Appellant mentioned to them the fact that he had some whisky in the depot. After discussing the matter a little while they said that it was agreed they would break into the depot and get the whisky; that they went to appellant's house, got his axe, went to the depot and pried up a window, went in, got some whisky and carried it to appellant's house; that it was put away there in the upper part of his house; that they drank until young Speck became very drunk, and the other boy not so drunk. They got in their buggy, drove around, finally going to Hindes' house, where they went to bed. From the evidence they had no further connection with the whisky and did not state further what became of it. They never received any more of it. They further state that the whisky they brought to appellant's house was put up over the ceiling. A Bohemian, Maturo by name, testified that he was at appellant's house subsequent to this transaction, and appellant asked him to take a drink; he accepted; that appellant got a bottle from over the ceiling from which they drank. The burglary matter was mentioned; Maturo said something about the whisky being taken or the amount of it, and appellant remarked that it was thirty-one quarts. On another occasion after appellant had been indicted, arrested and given bond, he made a statement to Hub Speck that he, Hub Speck, had handed him a package, and that he had some trouble in giving the second bond. Appellant proved an alibi to the effect that he was in Knox County, at another town, on the night of the burglary until 12 or 12:30 o'clock, which was some hours after the burglary should have occurred. Appellant also introduced evidence to the effect that one of the witnesses, Hub Speck, had denied appellant's participancy in the matter in any way. This perhaps is a sufficient statement in regard to the sufficiency of the evidence. We are of opinion that appellant's contention is correct; that the testimony does not sustain the conviction. Where a party is charged as an accomplice to a crime, there are several things that must concur in order to justify a conviction: First, that he advised and agreed, or urged the parties or in some way aided them to commit the offense, and, second, that he was not present when the offense was committed; third,

that the principals committed the crime. In other words, it is in the nature of a compound offense: first, he must have done those things denounced by the statute in bringing about a subsequent offense, and, second, that that offense must be consummated. It is not a violation of the law with reference to the conviction of accomplices that he simply furnished the means, advised or aided; there would be no offense unless the offense in contemplation was subsequently committed. Therefore, whenever the State relies upon the testimony of an accomplice, their testimony must not only be corroborated as to the fact that the offense was committed, but must be corroborated with equal cogency that the party accused as an accomplice brought himself within the purview of the statute in his advice or assistance. So far as we have been able to ascertain the cogency of the evidence with reference to the fact that appellant had advised or encouraged or aided or furnished the means by which Hub Speck and Claud Hindes committed the burglary is found alone in their testimony, wherein, in a general way, it is made to appear that he encouraged them to commit the burglary and they used his axe with his consent or advice, for the purpose of entering the house. If there is a fact or circumstance outside of their testimony in regard to appellant encouraging them in any way to commit this offense, before it was committed, we have failed to find it. The fact that the burglary was committed is not cororboration of the accomplices that appellant advised them to commit it; it is not a corroboration of them that appellant was in any way connected with it; it is not sufficient proof that they burglarized the house when used against appellant. It is shown that whisky was taken from the depot, but outside of their testimony there is no fact that shows that these boys entered the house. Nobody ever identified the whisky in appellant's possession, and if they had, this would be a very slight circumstance, if in fact a corroboration at all as to prior advice. But be that as it may, appellant is shown to have gone to the depot the morning after the burglary and receipted for some whisky, and took it home. This is testified to by the depot and express agent. It is shown that he put this whisky over his ceiling. There were twelve quarts of this, and his (appellant's) statement to the witness, Maturo, was that he had gotten this whisky with which he treated Maturo all right, and the depot agent testifies that he had receipted for it and taken it out of the express office the day after the burglary. This was before he treated Maturo. It is shown that some of the whisky stolen from the depot on the night of the burglary was consigned to appellant. Even if appellant had been charged as a principal in the case, we do not believe there would have been sufficient corroboration here shown to have connected him with it in that capacity. Then, to restate, in order to convict appellant in this case, the accomplices must be corroborated, first, as to the fact that appellant advised them to commit the burglary; second, that he was connected with the burglary they perpetrated by reason of that advice, etc., otherwise the State has failed. It may be stated that one of the witnesses, Speck,

stated he was testifying for the State because of a quickened conscience; that it troubled him very much that he broke into the house and took the whisky. This is sometimes the logic of the party who turns State's evidence. The other witness, Hindes, states that he would swear as he did swear against appellant whether it was true or false in order to save himself from the punishment for burglary. The mission of appellant at the railroad station in Knox County was shown to have been to dispose of some cotton, and further to make arrangement with the witness to ship him some organs or pianos or both, the witness being a seller of those articles, and that he parted company with appellant about 12 or 12:30 o'clock at night in Knox County, which was three or four miles from the scene of the alleged burglary. The burglary occurred some hours prior to 12 o'clock. We, therefore, are of opinion the evidence is not sufficient.

The other ground, to wit: the misconduct of the jury, we think equally tenable. The affidavit of two of the jurors was taken, to wit: Gardner and Ellis. Gardner states that after they had retired to consider of the verdict they discussed the probability that appellant was engaged at the time of the commission of the supposed crime in the sale of whisky at Carney in violation of the local option law, from the amount of whisky that was consigned to him at the express office, and further it was said in the presence of the jury that appellant, when the speaker first knew him, was engaged as a bartender at the Lone Wolf Saloon, which was a saloon out in the country one mile from Stamford but in Haskell County. It is stated in the motion for a new trial that this saloon had a very bad reputation. Ellis was foreman of the jury, and he states that after they had retired to consider of their verdict, and before it was returned into court, that the general reputation of defendant as a violator of the local option law was freely discussed during their deliberations, and it was further discussed that the defendant's wife failed to testify in his behalf during the trial. It would hardly need authority at this late day in this State to show that this conduct required a new trial in the court below, and in the absence of such action there, a reversal here. It would hardly be contended that appellant's general reputation as a violator of the local option law or that he run or was bartender of a saloon heretofore, would be evidence before that jury on a charge that he was an accomplice to a burglary; much less would the jury be authorized to discuss this in their retirement; even if it had been admissible evidence, it was not admitted and, therefore, it could not be discussed by the jury. We were of the impression that the Constitution guarantees an accused party the right to be confronted with the witnesses against him and that the testimony be detailed before a jury upon which a verdict is to be predicated. These matters were discussed in the jury room in the absence of the defendant with no opportunity to meet them and without even any knowledge of the fact that such matters were being pressed or discussed.

Upon both grounds this judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Henderson, Judge, absent.