## JACK LAMB v. THE STATE.

### No. 9037.   Delivered May 13, 1925.

1.—Manufacturing Intoxicating Liquor—Evidence—Accomplice as Witness—Corroboration Held Sufficient.

Where upon a trial of appellant as an accomplice of one Sinclair and another in the unlawful manufacture of intoxicating liquor, the only complaint presented is, as to the sufficiency of the corroboration of the principal, Sinclair, a careful examination of the record impresses us that the corroboration was sufficient. See opinion for analyis of the evidence.

#### ON REHEARING.

2.—Same—Evidence—Held Sufficient.

On rehearing we have again carefully examined the record, and are confirmed in the conviction that our conclusion, as set out in our original opinion, that the corroboration of the state witness Sinclair, was sufficient, was a correct finding, and the motion for a rehearing should be, and is overruled.

Appeal from the District Court of Gonzales County. Tried below before the Hon. Lester Holt, Judge.

Appeal from a conviction of manufacturing intoxicating liquor by advising and encouraging one Sinclair, before the Commission

of the offense, to commit same; penalty, two years in the State penitentiary.

The opinion states the case.

*Midkiff & Green,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE:—The indictment charged that Dudley Sinclair unlawfully manufactured intoxicating liquor, and that defendant, before the commission of the offense, advised and encouraged Sinclair to commit it, defendant not being present when it was committed.

A conviction of defendant resulted, with punishment fixed at two years in the penitentiary.

No complaint is made of the charge, and no bills of exception appear in the record. The sole question raised on appeal is whether the evidence sufficiently corroborates Sinclair, whose testimony makes out a complete case for the State but must be corroborated as the law requires before a conviction can be upheld. (Art. 801, C. C. P.)

It is settled law that where the State uses as a witness the party alleged to be a principal in the trial of an offense such as charged in the present case, his testimony must be corroborated not only as to the fact that the offense was committed by the principal (being in this case the manufacture of whiskey by Sinclair), but also as to the fact that defendant was brought within the purview of the statute (Art. 79, P. C.) in advising or encouraging its commission. (Hall v. State, 52 Tex. Crim. Rep. 250, 106 S. W., 379.)

Regardless of Sinclair's evidence, the other testimony establishes conclusively that he had manufactured whiskey. A still and considerable quantities of whiskey were found by the officers on his premises, and he had delivered whiskey to parties at his premises on numbers of occasions. So without further review of the evidence it may be said that Sinclair was corroborated in his testimony that he committed the offense. Upon the other feature as to defendant advising and encouraging him in its commission we note the following circumstances appear from the record. John Goodson testified that he had a still which he wanted to sell, and talked to defendant about it and made him a price on it; that no trade was closed at the first conversation, but defendant said he thought he could sell it for witness, and would see him later; that he afterwards closed the trade with defendant who told witness some negroes would come for the still; that two negroes, Ab McPherson and Jim King, did come after it, telling witness defendant had sent them for it. The negro King tes-

tified that he got a still from Mr. Goodson one night, and that he and McPherson delivered it to Sinclair. After Sinclair's arrest Pierson-his father-in-law, had an interview with defendant in which Pierson says defendant agreed to pay half the lawyer's fee for Sinclair, but later declined to do this; that defendant said in talking to Sinclair, "I sent you the still down there, and I paid you eight dollars a gallon for your whiskey, and sold it for sixteen dollars, and I think I am done with it. I have done my part." Defendant admitted sending the negroes to Goodson's after the still and having them take it to Sinclair's place, but claimed he bought it for $25.00 and sold it for $30.00. He also admitted sending to Sinclair's for whiskey a number of times by two negroes, Jim Brooks and Ab McPherson. He identified an order produced by Sinclair for five or six gallons but disclaimed getting this particular whiskey saying, "Old Ab said he spilled it," going down a hill. He said sometimes he would send an order for the whiskey and at other times not.

It was the defendant's claim that he never advised or encouraged Sinclair to make whiskey, but that at the latter's request defendant sold him the still which he had bought from Goodson and that such whiskey as he procured from Sinclair was bought outright, and was not delivered upon any contract he had with Sinclair.

Sinclair testified that defendant told him it was easy and perfectly safe to make whiskey; that he would guarantee it was safe, and would go "fifty-fifty" with witness; that defendant agreed to furnish witness a still and stove for $35.00 to be paid in whiskey at $8.00 per gallon; that defendant was to take all the whiskey witness made at that price; that defendant was to send the still to witness' house, which he did do, and was to send after the whiskey by some negroes, which he also did; that witness had made the whiskey, and made some three or four deliveries, amounting to about $75.00 worth to the negroes sent by defendant before the business was interrupted by the officers. Sinclair was getting $8.00 per gallon, and defendant was supposed to be getting $16.00 per gallon. Sinclair had no interest in the profits.

We do not undertake to set out all the evidence. Some contradictions occur as would be expected, but the jury has settled them.

We cannot agree with the contention urged that the evidence fails to furnish sufficient corroboration of Sinclair upon the point that defendant had advised and encouraged the former to manufacture intoxicating liquor. If defendant did this he would be more than a "seller of the still, and more than a "purchaser" of the liquor, although he may have been taking all the output at a stipulated price.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges only the insufficiency of the alleged corroborating testimony of the accomplice Sinclair. He asserts that he only sold a still to Sinclair and only bought whiskey from Sinclair made by him with said still. If a man knowing that another intends to use a pistol to commit a urder, lends or sells such pistol to such party, he could not escape the proposition of complicity. Advising and encouraging with knowledge of an illegal purpose may be by act and deed as well as words. Nor would the fact that the accused claimed that his part of the alleged transaction was for pay or profit in anywise assist him to escape the taint of complicity. One who aids in an abortion may do so in his capacity as a physician for pay only but this would not affect his guilt. One who gathers arms, materials, etc., as the paid agent of the parties who purpose using them in the commission of crime, could not shelter himself under the proposition that he was selling his time and his services. The man who encourages thievery by receiving and concealing stolen property, and the person who in like fashion eats or helps to hide or destroy the fruits of the theft, makes himself an accomplice. One who is making or selling whiskey himself and puts another in charge of the operation and tells him how to make the liquor or where to sell it, is unquestionably encouraging the commission of a crime. If appellant sold the still to Sinclair, knowing the illegal purpose of the latter, or if he furnished Sinclair a market, in the absence of the special statute taking the purchaser out of the list of accomplices of liquor transactions, he would in a general legal parlance be an accomplice. We think the testimony amply showed the aid and encouragement of Sinclair by appellant, and that the motion should be overruled.

*Overruled.*