## B. J. Franks v. The State.

No. 9113.   Delivered May 20, 1925.

**Transporting Intoxicating Liquor—Jury—Misconduct of—Discussing Defendant's Failure to Testify.**

Where a jury in retirement discusses the failure of defendant to testify in a way that suggests that the jury considered such failure as a matter of importance, the conviction will be set aside, although the jurors say that it did not influence them. Following Rogers v. State, 55 S. W. 817 and other cases cited.

Appeal from the District Court of Randall County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Umphres, Mood & Clayton,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Randall County for the offense of transporting intoxicating liquor, and his punishment assessed at confinement in the penitentiary for one year.

The state introduced three witnesses in making its cases and the appellant introduced none, and neither did he take the stand in his own behalf. The evidence as it appears to this court is rather meagre and unsatisfactory, and we are disposed to think the jury viewed it in the same light, as the record shows that the testimony was in no wise conflicting, yet the jury deliberated on the same for something like twenty hours. In this condition of the record, we have felt disposed to give special attention to appellant's complaint at the misconduct of the jury.

By a proper bill of exception, appellant complains that the jury discussed his failure to testify. This bill embodies within it the testimony of six of the jurors who tried the case. The testimony of these jurors is undisputed to the effect that defendant's failure to take the stand and testify in his own behalf was discussed at least two or three times during the deliberation of the jury and before a verdict had been reached. The following from the juror Gregg is characteristic of the testimony on this question: "One question brought on another and someone asked if he wasn't guilty why didn't he produce evidence proving that he wasn't guilty?" "The fact that he didn't take the stand was discussed some three times, I will say, during our deliberations." "I am certain I am safe in saying that occurred three times during the deliberations." Each of the six jurors who testified practically agreed concerning this matter. It was also in evidence that the foreman sought to suppress this discussion but it is certain that he was unable to suppress it until it had been brought up in various ways at least three times. The rule is that a bare allusion in the jury room to defendant's failure to testify when immediately suppressed will not of itself cause are reversal. Leslie v. State, 49 S. W. 73; Howard v. State,

174 S. W. 607. In addition to the above cases, there are many other authorities in Texas supporting this proposition. But it must not be forgotten that this rule is something of a relaxation of the statute on the subject of the defendant's right to testify, and the rule must not be extended beyond its present scope; for it is equally well settled that where many of the jurors discussed and commented on defendant's failure to testify, in a way that suggests that the jury considered such failure, a matter of importance, the conviction will be set aside, although the jurors say that it did not influence them. Rogers v. State, 55 S. W. 817. Buissing v. State, 43 Tex. Crim. Rep. 85. Douttin v. State, 73 S. W. 395. Fine v. State, 45 Tex. Cr. Rep. 292 The facts in this case clearly bring it within the rule last stated. For the undisputed testimony shows more than a merely promptly suppressed mention of appellant' failure to testify. It shows a persisent mention of it, and various suggestions that he ought to have taken the stand and testified in his own behalf.

For the error of the court in refusing appellant's motion for a new trial because of the misconduct of the jury, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.