Bob Whitfield v. The State.

No. 9185.　Delivered Oct. 28, 1925.

Rehearing granted State Jan. 27, 1926.

Rehearing denied appellant April 28, 1926.

**1.—Sale of Intoxicating Liquor—New Trial—Misconduct of Jury—Erroneously Refused.**

Where, on a trial for the sale of intoxicating liquor, it is shown on the hearing of the motion for a new trial, that before a verdict was reached and while some of the jurors were for an acquittal that the remark was made that the defendant was the worst bootlegger in Itasca, and that he was a bad character, had had a difficulty with the sheriff of Hill County, a new trial should have been granted. While it is well settled in this state that a mere casual reference to a matter not in evidence, will not afford ground for a new trial, we think the record in this case shows more than a casual reference to the matters complained of. See Guiterrez v. State, 272 S. W. 780 and other cases cited.

**2.—Same—New Trial—Misconduct of Jury—Properly Refused.**

On rehearing by the state, after a more mature consideration of the record, we believe that our original opinion, holding the misconduct of the jury of such a nature as to require a reversal of the case. was not shown by appellant. It now appears that the remark complained of was testified to as having been made by only one juror, and after hearing the evidence of the other eleven jurors, we now think the trial court did not abuse his discretion in holding, in effect, that such statement was not made, and the motion for rehearing by the state is granted and the cause affirmed.

**3.—Same—New Trial—Misconduct of Jury—Properly Refused.**

Where, on a motion for a new trial, it is disclosed that some of the jurors remarked that appellant was bad about fighting, this was a mere casual reference, and as the verdict was for the lowest penalty under facts entirely sufficient to support the verdict, this matter does not present a reversible error. Following Cox v. State, 12. S. W. 490.

ON REHEARING BY APPELLANT.

**4.—Same—New Trial—Misconduct of Jury—Discretion of Court.**

On rehearing, appellant insists that the misconduct of the jury in discussing matters not in evidence should entitle him to a new trial. With this contention we are unable to agree. But one juror testified to such discussion as would warrant the reversal of the case, while eleven other jurors denied that the statements of the one juror was .true. This being a matter for the trial court to pass upon, we cannot agree that he abused his discretion in accepting the testimony of eleven jurors, as against that of one juror and the motion for rehearing is overruled.

Appeal from the District Court of Hill County. Tried below before the Hon. Harton B. Porter, Judge.

Appeal from a conviction for selling intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Collins, Dupree & Crenshaw* of Hillsboro, *Will M. Martin* of Hillsboro, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, Judge.—The appellant was convicted in the District Court of Hill County for the offense of selling intoxicating liquor and his punishment assessed at confinement in the penitentiary for a term of one year.

The State's testimony was sufficient to show a sale, perhaps, if taken alone. Her only witness to the fact of the sale, how-

ever, admitted that he was under the influence of liquor at the time he is supposed to have bought the liquor in question, and frankly admits that he was hardly in a condition to remember what really happened on the occasion. The appellant's testimony was to the effect that no sale was made and he was supported in this statement by the testimony of another witness, who was indisputably at the home of the appellant at the time the sale is alleged to have taken place.

The appellant complains because the court refused him a new trial on account of the misconduct of the jury. Three of the jurors testified for the appellant and the substance and purport of their testimony was to the effect that before the verdict was reached and while some jurors were voting for an acquittal, the remark was made that the defendant was one of the worst bootleggers there was around Itasca. And it was also in testimony that it was mentioned several times that the defendant was a bad character and a discussion was had about a difficulty between the defendant and the sheriff of Hill County. It seems clear from the record that these matters were mentioned several times in the jury room and that the mention of them was more than a mere casual reference. The state placed some members of the jury on the witness stand on the motion for a new trial, and they testified that they did not hear the above statements made in the jury room. We think it a fair statement of the record to say, however, that no juror denied that such statements were made and no juror denied that such statements were discussed by those members who claimed to have heard and discussed them. The full substance of the testimony of the jurors testifying for the State was to the effect that they heard no such statements, but each juror admitted that such statements may have been discussed and not heard by him. It is well settled in this State that a mere casual reference to a matter not in evidence in the jury room will not afford grounds for a new trial. Gutierrez v. State, 272 S. W., 780. But we think the record in this case shows more than a casual reference to the matters complained of, and the evidence being sharply conflicting as to appellant's guilt, we hold that the court should have granted a new trial on account of the misconduct of the jury. Franks v. State, 272 S. W., 451; Dunn v. State, 161 S. W., 467; Williams v. State, 136 S. W., 1071; Hall v. State, 106 S. W., 379; Hargrove v. State, 99 S. W., 1121.

Believing that the learned trial judge was in error in refusing a new trial on account of the misconduct of the jury, it is

our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BERRY, JUDGE.—On more mature consideration of the record in this case we feel impelled to say that we were in error in stating that three of the jurors testified for the appellant to the effect that the statement was made in the jury room that the defendant was one of the worst bootleggers around Itasca. The testimony is in a rather confused state in the bill of exceptions and this perhaps accounts for our oversight in the matter. We think it clear from a re-examination of the same that only one juror made this statement and we are convinced now that the evidence of the other eleven is entirely sufficient to show that neither of them made any such statement. Under this condition of the record it became a question of fact to be determined by the trial court and we think the court did not abuse his discretion in holding in effect that such statement was not made. Gutierrez v. State, 272 S. W. 780, and authorities there cited.

Neither do we think that the evidence is sufficient to show injury by reason of the statement alleged to have been made by some of the jurors to the effect that appellant was bad about fighting. This was a mere casual reference and as the verdict was for the lowest penalty under facts entirely sufficient to support the verdict, this matter does not present reversible error. Cox v. State, 12 S. W. 493.

Believing that we were in error in our original opinion, the state's motion for rehearing is granted, the judgment of reversal is set aside and the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing and insists that we should not have affirmed this case, and that we were in error in holding the alleged misconduct of the

jury to be of such character as that the act of the trial judge in refusing the motion for new trial, should be upheld. We have again carefully gone over the motion for new trial and the testimony heard in support thereof. Complaint of this matter constitutes the only bill of exceptions in the record. Juror Chaffin testified to facts which would have supported a conclusion that there was misconduct of the jury, but the other eleven jurors gave testimony which seems incompatible with that of Mr. Chaffin, and fully justified the learned trial judge in concluding Chaffin's testimony untrue. The two things claimed as misconduct by appellant, and supported by the testimony of Chaffin, were a discussion in the jury room of the fact that appellant was one of the worst bootleggers in the Itasca community, and also that he was a bad man to fight and had a fight with the sheriff, and the remark that he attributes to some juror that he had heard of appellant drinking. After introducing Chaffin on the hearing of the motion for new trial, appellant put juror Hamilton on the stand who stated that upon the retirement of the jury they stood three for acquittal and nine for conviction, the three for acquittal being himself, Chaffin and a Mr. Horn. Hamilton said that after the fourth ballot the jury stood eleven to one for conviction, and after it was in this condition he and a juror named Braziel had a conversation in the presence of Chaffin in which it was said that appellant had a fight with the sheriff, and Braziel said something about appellant being bad to fight. None of the other jurors heard this discussion between Chaffin, Hamilton and Braziel, each of whom had already voted that appellant was guilty. Mr. Horn was the only juror at that time who was for acquittal. Each of the other jurors testified, including Mr. Horn, and all of them swore that they heard no one refer to the fact in the jury room that appellant was a bootlegger, or the worst bootlegger in the Itasca community. Juror Horn testified that he did not hear any one say appellant was a tough character, or that he was one of the worst bootleggers in the Itasca community, or that he was a bad man and a fighter, or had had any fight with the sheriff. In this condition of the record the conclusion is irresistible that what was said concerning appellant's fight was between three jurors who had already made up their minds and voted for conviction; that the juror who was for acquittal heard no such discussion and was not influenced thereby; and that the preponderance of the testimony was so overwhelming against the proposition that there was any discussion in the jury room of

appellant being a bootlegger, etc., as to fully justify the learned trial judge in his refusal of the motion for new trial.

We are of opinion that the judgment of affirmance herein was correct, and the motion for rehearing will be overruled.

*Overruled.*