## L. E. JORDAN V. THE STATE.

No. 15619. Delivered February 15, 1933.
Reported in 57 S. W. (2d) 127.

The opinion states the case.

*Dan Moody,* of Austin, and *Thompson & Barber,* of Colorado, Texas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant was convicted of being an accomplice in the crime of arson, and his punishment fixed at confinement in the penitentiary for two years.

The indictment charged, in substance, that L. E. Sanders unlawfully and willfully set fire to and burned his own house, which was situated in the city of Colorado, Mitchell county, Texas; that, prior to the commission of the offense, appellant unlawfully and willfully promised Sanders $150 in money in order to procure the commission of the offense; that appellant was not present at the time Sanders burned the house.

Sanders testified, in substance, as follows: Appellant deeded him the house with the understanding that he was to burn it and collect the insurance. He paid appellant nothing for the transfer. The house was insured in his (Sanders) name. Under his agreement with appellant, after he had burned the house, he was to collect the insurance, which amounted to $2,000, and, after retaining $150, pay the balance to appellant and the lien holder. On the day before the fire, he and appellant went to a filling station in an Austin car and bought a quantity of gasoline, which the filling station operator put in the gasoline tank. Later, he (Sanders) went alone to the filling station in a Ford car belonging to appellant and bought some gasoline, which was placed in the tank. Appellant had given him a check for $3 with which to purchase the needed gasoline. He returned to appellant's home and there drained a quantity of gasoline out of the tank into a milk can which appellant furnished. He and appellant then placed the can containing the gasoline in a Ford car belonging to appellant, and he (Sanders) and appellant's brother, Will Jordan, drove to the house. He (Sanders) poured a quantity of gasoline on the walls and set fire thereto. Leaving the house, he and Will Jordan drove down into the riverbed, where the car stuck. Abandoning the car, they returned to the home of appellant, where they slept for the remainder of the night.

In an effort to corroborate the accomplice witness Sanders,

the state proved, in substance, the following: On October 20, 1931, appellant, joined by his wife, deeded the house in question to Sanders; the consideration recited being $1,350 cash and the assumption by Sanders of an $800 indebtedness to Mrs. Annie L. Smith, and the execution and delivery by Sanders of a note in the sum of $850. On the morning after the fire, Frank Barnett pulled a Ford car out of the riverbed for appellant. Several hours prior to the burning, appellant and Sanders drove to a filling station in an Austin car and had some gasoline put in the tank, for which appellant paid by check. Later Sanders returned to the station, unaccompanied by appellant, and purchased some gasoline and oil, for which he gave a check signed by appellant in the sum of $3. The gasoline was put in the tank of the car. A fire truck driver drove to the fire, but did not get out of his car. A. R. Woods had a series of negotiations with appellant which culminated in Woods conveying the property in question to one Beech, and Beech, in turn, conveying the property to appellant, which appellant later conveyed to the witness Sanders, receiving from Sanders a note or notes in the sum of $850. The note or notes received by appellant were then assigned by him to Woods. Woods was responsible for the consideration recited in the conveyance to Sanders.

We are constrained to sustain appellant's contention that the testimony is insufficient to corroborate the accomplice witness. Where a party is charged as an accomplice to a crime, and the state relies upon the testimony of an accomplice witness, the testimony must not only be corroborated as to the fact that the offense was committed, but must be corroborated with equal cogency to the fact that the party accused as an accomplice brought himself within the purview of the statute in his advice or assistance. Langford v. State, 50 S. W. (2d) 808; Lamb v. State, 101 Texas Crim. Rep., 557, 275 S. W., 1038; Hall v. State, 52 Texas Crim. Rep., 250, 106 S. W., 379.

Considering the corroborative evidence to the point that L. E. Sanders set fire to the house, the opinion is expressed that it is insufficient. Other than Sanders, no witness testified to circumstances tending to show that the fire was of an incendiary origin.

Nor are we able to reach the conclusion that the accomplice witness was sufficiently coroborated to the point that appellant had offered him $150 to burn the house.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.