JESS RATCLIFF V. THE STATE.

No. 17891.    Delivered February 19, 1936.
Rehearing Denied May 27, 1936.

The opinion states the case.

*Snell & Aynesworth,* of Houston, *Wiley B. Thomas,* of Groveton, and *King C. Haynie,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is accomplice to rob-

bery; the punishment, confinement in the penitentiary for 25 years.

The indictment charged in substance that Paul Rhodes, Roy Wheat and Erwin Carroll on the 8th of January, 1935, robbed Erma English of more than one thousand dollars in money. Further averments were to the effect that appellant unlawfully, willfully and fraudulently advised, commanded and encouraged Rhodes, Wheat and Carroll to commit said offense, appellant not being present at the commission thereof.

Miss Erma English, the injured party, was employed by the Farmers Guaranty State Bank of Kennard, Texas. The testimony on the part of the State was to the effect that on the date alleged in the indictment Paul Rhodes, Roy Wheat and Erwin Carroll entered the bank and robbed Miss English of more than a thousand dollars. Testifying for the State, Carroll and Rhodes admitted that they committed the robbery, but declared they had been advised, commanded and encouraged to commit said offense by appellant. They were identified by Miss English and other parties who were in the bank at the time.

We deem the corroboration sufficient. Harry Webb, a witness for the State, who was not shown to have participated in the robbery in any way, gave testimony corroborating the accomplice witnesses on the point that appellant advised, and encouraged them to commit the offense.

No bills of exception are brought forward.

Appellant excepted to the charge of the court on the ground that it failed to instruct the jury that appellant was a principal offender and could not be convicted under the present indictment. A further exception was to the effect that the issue as to whether appellant was a principal offender was raised by the testimony. The testimony relied upon to characterize appellant as a principal offender came largely from the accomplice witnesses. Carroll testified that prior to committing the robbery he called appellant up and told him that he was leaving for Kennard; that appellant said that he would try to get down to the town of Ratcliff as quick as he could; that appellant said further that after the robbery was committed he would signal Carroll and his companions as they came through the town of Ratcliff if everything was all right, "or if it wasn't"; that after they had committed the robbery and had driven to Ratcliff, which was three miles from the scene of the robbery, the witness saw appellant at the appointed place and appellant waved at him. The testimony of Rhodes was

to the same effect, except that he said that he saw appellant in Ratcliff as he and Carroll went through there on the way to Kennard to commit the robbery. We think this testimony was not sufficient to place appellant in the category of a principal. In our opinion it fails to show that at the very time of the commission of the offense appellant was doing anything in furtherance of the common purpose. He was three miles away from the scene of the robbery. He merely agreed to signal the parties when they came through the town of Ratcliff after the commission of the robbery if everything was all right "or if it wasn't." We quote from Barnett v. State, 291 S. W., 540, as follows:

"As applied to one actually absent in person from the scene of the commission of the offense, this means that the State must prove in some legal manner that the accused was a party to a plot or agreement to commit the crime, and that, after he had agreed with those actually committing the offense or others that same should be committed, or that some enterprise should be embarked upon whose execution fairly included the commission of such crime, the proof must further show the accused was doing something at the very time of the commission of the offense which was in furtherance of the common purpose. Coomer v. State, 97 Texas Crim. Rep., 589, 262 S. W., 495."

Believing that the testimony supports the conviction, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant urges again that the evidence shows he was a principal offender in the robbery and could not, therefore, be convicted under the present indictment charging him as an accomplice to robbery,—or at least that the evidence raised the issue as to whether he was such principal,—and that the court should have told the jury by appropriate instructions that if they found he was such principal to acquit him under the present indictment. The reported cases upon the subject are drawn on such close lines under the facts of each particular case that ground for argument is nearly always present, and the instant case furnishes another illustra-

tion. Appellant has presented the matter in as strong a light as is possible from his viewpoint. We recognized upon original submission that the question was close and our opinion was not prepared until after the matter had been considered both in informal and formal consultation with all members of the court. We think a further recital of the facts upon which turns the solution of the question would unnecessarily lengthen this opinion, but after further consideration we believe the conclusions expressed originally are correct under the facts before us.

Appellant also urges in his motion for rehearing that he excepted to the court's charge because he omitted to tell the jury that the accomplice witnesses must be corroborated not only as to the robbery itself, but also as to appellant advising and encouraging them to commit the robbery, and that the court erred in refusing to respond to such exception. See Cone v. State, 86 Texas Crim. Rep., 291, 216 S. W., 190; Hall v. State, 52 Texas Crim. Rep., 250, 106 S. W., 379; Lamb v. State, 101 Texas Crim. Rep., 557, 275 S. W., 1038; Langford v. State, 121 Texas Crim. Rep., 5, 50 S. W. (2d) 808; Melton v. State, 127 Texas Crim. Rep., 399, 77 S. W. (2d) 243. Appellant refers to paragraphs seven and sixteen of his objections to the charge as calling attention to the omission of which he now complains. We do not believe said paragraphs comply with Art. 658, C. C. P., which requires that the objections urged to the charge shall be "distinctly specified." If it was intended to call the court's attention to the point now urged it appears to be so involved and covered up with unnecessary verbiage that the trial court may well be excused for not discovering it.

The motion for rehearing is overruled.

*Overruled.*