ANTHONY T. GARCIA AND JESUS GUILLEN NERIA V. STATE

No. 31,128. December 9, 1959

Motion for Rehearing Overruled February 3, 1960

*Jose Escobar* and *George Rodriguez,* El Paso, for appellants.

*William E. Clayton,* District Attorney, *Edwin F. Berliner,* First Assistant District Attorney, El Paso, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appellants were jointly indicted, tried and convicted for assault with intent to rape, and the jury assessed the punishment of each of them at 10 years.

Appellants were employees of the United States Government Public Health Service and were, at the time of the incident, on duty at the International Bridge in El Paso and were in uniform. Ordinarily the offices of the Public Health Service were closed and locked about 5 P.M.

The prosecutrix, a resident alien, did not speak English. She testified that as she was returning from a visit with her family in Juarez, Mexico, she was stopped by one of the appellants as she was about to go upon the ramp or escalator leading to the immigration inspection on the Texas side of the bridge; that she was informed that she would have to be vaccinated and was vaccinated in the quarters of the Public Health Service sometime after 10:30 P.M.

The prosecutrix testified that she was then told that an X-ray was necessary and she was required to remove her clothes and go into the X-ray room where each of the appellants put his bare finger into her private parts, ostensibly for examination. She was then placed in the windowless darkroom adjoining the X-ray room where one of the appellants closed the door, turned off the lights and commenced a further "examination" of her private parts, over her protest. He then attempted to accomplish an act of intercourse with the prosecutrix, despite her struggle, and ejaculated on her legs.

The other appellant then came into the darkroom, closed the door; took off his trousers and attempted to have intercourse with the prosecutrix. In her struggle to prevent this attack the prosecutrix kicked this appellant in the chest and fell to the floor striking some bottles. When she got up with one of the bottles in her hand this appellant left.

The prosecutrix then dressed and yelled for assistance at the locked door of the Public Health Service. One of the appellants then unlocked the door and she went immediately to Immigration Inspections upstairs and reported her mistreatment.

Both appellants testified and denied any intent to have sexual relations with the prosecutrix, or an assault upon her other than the use of force to eject her from their offices which they testified she had entered while under the influence of liquor and had created a disturbance.

The immigration officers testified that the prosecutrix was disheveled when she reported at their office, and testified that there was no odor of alcohol about her and she was not intoxicated.

The direct conflict between the state's version of what occurred in the offices of the Public Health Service and the version testified to by appellants was for the jury and was resolved in favor of the state.

Appellants point out that the prosecutrix, an unmarried female, testified that she was not a virgin; that she had been having sexual relations with one Garcia, a married man, and that she was pregnant by him.

This evidence was before the jury. The jury's province was to determine the credibility of the prosecutrix and the weight to be given her testimony. We are aware of no rule of law under which this court would be authorized to hold that an assault with intent to rape upon such a woman may not be punished or any decision which holds that the testimony of such a witness may not be accepted by the jury to establish that such an assault was committed upon her.

Appellants' main ground for reversal is that the court should have granted their motion for continuance or their motion for

new trial based upon the overruling of their motion for continuance.

The motion for continuance was based upon the absence of the witness Garcia and his wife, by whom the appellants expected to prove that the prosecutrix was living with Garcia as his wife. The motion avers that the defendants expected the prosecutrix to deny this fact; and that the expected testimony of Garcia and his wife would bear directly on her credibility.

Contrary to their expectations, the prosecutrix, in her testimony, admitted her illicit relations with Garcia and there was no necessity to attack her credibility by the testimony of the absent witnesses to that effect.

Appellants complain that their motion to dismiss the prosecution for want of jurisdiction was overruled, the contention being that exclusive territorial jurisdiction was in the Federal Court because the event happened in the United States Immigration Building which was under the exclusive jurisdiction, care and control of the United States Government.

The building in which the offense was shown to have been committed is in El Paso County, Texas. Appellants say that the land upon which the building is located is under lease to the United States Government. It is not contended, however, that the Governor of Texas has ceded to the United States Government exclusive jurisdiction of crimes committed upon said land, as provided for by Art. 5247 V.C.S.

The Governor not having ceded exclusive jurisdiction to the United States, the district court of the 34th Judicial District of Texas had jurisdiction to try appellants for the offense of assault with intent to rape, a felony under Texas law, committed upon the property leased to the United States Government.

We find no abuse of discretion in the trial court's refusal to compel the prosecutrix, while on the witness stand, to remove her overcoat, she having declined the request of counsel and the court that she do so. She testified that she was pregnant at the time.

Appellants' motion for new trial alleged jury misconduct. The evidence heard on the motion at most raised issues of fact which were resolved by the trial judge against the claim made

34

in the motion and we find no abuse of discretion in the overruling of the motion. Stokes v. State, 165 Tex. Cr. Rep. 269, 305 S.W. 2d 779; Whitfield v. State, 104 Tex. Cr. R. 95, 282 S.W. 595; McKinzie v. State, 97 Tex. Cr. R. 82, 260 S.W. 585; Branch's Ann. P.C. 2d Ed., Sec. 586, p. 562.

Newly discovered evidence was claimed in the motion for new trial. The allegations were to the effect that witnesses had been discovered who would testify that they were vaccinated by one of the appellants at the Public Health Service offices at the time the prosecutrix testified she was being mistreated.

If we understand the record, the trial judge may well have reached the conclusion that one of the appellants may have vaccinated one or more persons while the other was in the darkroom with the prosecutrix.

Be this as it may, no diligence is shown to have been used to obtain the evidence and the testimony or the affidavits of the newly discovered witnesses were not offered on the hearing of the motion for new trial.

The probable effect of the claimed newly discovered evidence as well as the truth thereof was for the trial judge to determine, and no abuse of discretion in the overruling of the motion for new trial upon the ground of newly discovered evidence is shown. Olliff v. State, 161 Tex. Cr. R. 336, 276 S.W. 2d 839.

The judgment is affirmed.