F. S. HUNT v. THE STATE.

No. 6166.    Decided April 20, 1921.

**1.—Theft—Identity of Property—Charge of Court.**

Where, upon trial of theft of an automobile, the identity of the property was vital to the State's case, the trial court was not warranted in refusing to read to the jury a requested charge affirmatively presenting this phase of the law. Following Doss v. State, 28 Texas Crim. App., 506, and other cases.

**2.—Same—Evidence—Other Offenses—Withdrawal of Testimony.**

The error in permitting evidence of the fact that the defendant was charged with the theft of other automobiles was not cured by the withdrawal of such proof. Following Deckerd v. State, 225 S. W. Rep., 167, and other cases.

**3.—Same—Evidence—Conspiracy—Accomplice.**

The testimony of the accomplice, touching the nature of the conspiracy between him and the defendant to engage in the occupation of stealing and disposing of automobiles, was admissible in the instant case.

**4.—Same—Argument of Counsel—Withdrawal of Argument.**

The information given the jury by *inuendo* and direct statements of State's Counsel, that the defendant was under indictment for theft of other automobiles was reversible error and could not be counteracted by a requested charge withdrawing it.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of theft of an automobile; penalty, imprisonment in the penitentiary for seven years.

The opinion states the case.

*McCutchen & Church,* and *Geo. Clifton Edwards,* for appellant.—Cited cases in opinion.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for theft; punishment fixed at confinement in the penitentiary for seven years.

Sims testified that he and appellant stole an automobile belonging to McDonell; that they changed the factory number and obtained a new license number; that appellant disappeared, previously having told Sims that he was going to leave in the car and go to South Dakota and other States; that later Sims received from Milwaukee, Wisconsin, a letter from the appellant. Sims had not seen the car since but described it as a new Ford car with a self-starter on which appellant put certain extra fixtures for carrying luggage.

McDonnell testified to the loss of his car and that he had received a car which had been shipped by rail; that "there was a dent in the back of the left seam just above the left fender which was still there but that he had not noticed it before his car was stolen;" that he had originally gotten the car from a man named Langdon; that when lost, the car was new; that his only means of identifying the car would be by the dent and engine number; that the engine number on the car received by him had been changed and was different from that from the car he lost.

Burton, a deputy sheriff, testified that he brought the appellant from South Dakota sometime in August after the car had disappeared in May; that he had been arrested before the arrival of the deputy sheriff. Burton said that he had seen the wife of the appellant driving a car which, at the time of the trial, was in the possession of McDonnell; that he arranged with the transfer company to ship the car which he delivered to the company to Waco, and that he was present when McDonnell received from the railway company the car described by McDonnell in his testimony. The witness said that the appellant escaped and was recaptured en route from South Dakota to Waco.

The appellant made no statement to the witness as to the identity of the car which was taken from his wife in South Dakota with the stolen car.

Langdon testified that he sold to McDonnell a new Ford car, which had a small dent in the left part of the car, right even with the fender, where the seam and the back panel came together; that the car in possession of McDonnell at the time of the trial had a light dent in it. The car shipped to McDonnell had the appearance of having been used to a considerable extent. Langdon was unable to identify with certainty the car received by shipment with the one sold to McDonnell. On that subject he said: "I cannot swear on my oath that the car I saw last week (meaning the car that was turned over to McDonnell by Deputy Sheriff Burton) is the identical car I sold to Mr. McDonnell. No, sir, I won't swear that. I cannot swear that it was the same car unless it had the same motor number on it. The car I sold had a dent in it. There is a different motor number on the car which McDonnell obtained from Deputy Sheriff Burton from the number which was on the car sold to McDonnell."

The motor number on the car obtained from the Deputy Sheriff had been changed, but that on the car sold to McDonnell had not been changed. The evidence aside from that of Sims is sufficient, if believed, to corroborate him, as required by Article 801, C. C. P.

The companion case of Hunt v. State, 89 Texas Crim. Rep., 89, (No. 6167) 229 S. W. Rep., 869, in which an opinion was rendered on March 30th last, presents the record so similar to that before us that we deem an extended discussion of the matters involved unnecessary. The identity of the automobile which was taken from appellant's wife by the Deputy Sheriff and shipped to Waco with the stolen car was vital to the State's case and the trial court was not warranted in refusing to read to the jury a special charge affirmatively presenting this phase of the law. Doss v. State, 28 Texas Crim. App., 506; Davis v. State, 68 Texas Crim. Rep., 400, 152 S. W. Rep., 1096; Hunt v. State (No. 6167), 229 S. W. Rep., 869.

The error in permitting evidence of the fact that the appellant was charged with the theft of other automobiles was not cured by the withdrawal of such proof. Hunt v. State, supra; Mercer v. State, 66 S. W. Rep., 555; McIntosh v. State, 85 Texas Crim. Rep., 417, 213 S. W. Rep., 659; Deckerd v. State, 88 Texas Crim. Rep., 133, 225 S. W. Rep., 167.

As indicated in the companion case mentioned, we disclaim an intention to hold inadmissible that part of the testimony of the accomplice Sims touching the nature of the conspiracy between him and appellant to engage in the occupation of stealing and disposing of automobiles. We desire to make plain our view that the information given the jury by innuendo and direct statement of State's counsel that the appellant was under indictment for theft of other automobiles does not receive our sanction, and was so harmful that its effect could not be counteracted by a special charge withdrawing it.

The appellant was not a witness and none of the exceptions to the rule which excludes proof of extraneous offenses are shown to have been present.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*