### JACK GRAVES v. THE STATE.

No. 15465.   Delivered February 15, 1933.
Rehearing Denied March 22, 1933.
Reported in 58 S. W. (2d) 122.

The opinion states the case.

*B. P. Maddox,* of Tahoka, *Lockhart, Garrard & Brown,* of Lubbock, for appellant.

*T. L. Price,* District Attorney, of Post, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for being an accomplice to the crime of burglary; punishment, two years in the penitentiary.

Appellant was found in possession of property recently theretofore stolen from the house which was burglarized. He made no explanation of his possession when first questioned, and did not testify on the trial. Two boys—sixteen and nineteen years of age—testified in detail that appellant suggested to them the burglary of said house, the door to enter, the use of a piece of iron which he had placed near said door to effect entry, the kind of property they would find inside, and that appellant agreed to buy from them such property when stolen and delivered to him. They testified that following said burglary they delivered said property to appellant, and that he paid them in part and promised to pay them the balance. Appellant's business was that of a junk dealer. The owner of the house testified to its burglary, the entry at said door, the

loss of the property described by the boys, and its subsequent recovery, part of it being found in possession of appellant and part being brought from a neighboring town, with no explanation of how it got there, except from one of said boys that appellant took said property to said town and there sold it. The sheriff of the county testified that he found a piece of iron that had been used to prize open the door of the burglarized building, and that he saw tracks leading from said house, etc.

We are confronted with the question as to the sufficiency of the corroboration of the accomplice witnesses. Appellant was indicted as an accomplice, that is, it was charged in the indictment that the house in question was burglarized by said boys, but that prior thereto appellant advised, commanded, and encouraged them to commit said offense; he not being personally present when same was committed. Just what should be held corroboration sufficient in such case is not easy to say. The two boys who testified for the state were accomplice witnesses. The rule is laid down by statute, article 718, C. C. P., that there must be in the case "other evidence tending to connect the defendant with the offense committed." What do we mean by "the offense committed?"

Appellant seems to contend that by this term is meant only the agreement to commit; the urging, or advising, or encouraging to commit, the alleged burglary. This can not be sound. In Cooper v. State, 69 Texas Crim. Rep., 405, Judge Davidson lucidly and correctly calls attention to and draws the distinction between the offense of conspiracy and that of being an accomplice to a given crime, bringing out strongly the point that it takes more—both in averment and proof—to constitute the latter offense than the other. The offense of conspiracy is complete when the parties thereto have agreed to commit a felony. Not so in this case. There must be here averment and proof that a burglary was committed, and that prior thereto the appellant advised or encouraged those so doing to commit said offense.

It is said in many cases that to be sufficient the corroborative evidence need not be by itself sufficient to convict, nor need it corroborate the testimony of the accomplices in detail. Middleton v. State, 86 Texas Crim. Rep., 307; Thomas v. State, 89 Texas Crim. Rep., 129. Circumstances may furnish corroboration sufficient. Boone v. State, 90 Texas Crim. Rep., 374. We know of no authority holding it necessary that the evidence relied on as corroborative must extend to every part

in or element of "the offense committed." The authorities hold to the contrary. Without going into details further, we have in this case testimony deemed sufficient in many cases which might be cited to show the absolute guilty connection of appellant with that material part of the offense here charged or committed, towit, the burglary of the house, so as that upon same he might be convicted of said offense of burglary. That is to say, we have here uncontradicted proof from witnesses other than the accomplices of appellant's possession recently after same was taken from said house, of the property of said owner, without any suggestion of explanation on appellant's part of how he came by such property. Such testimony is, in our opinion, sufficient to corroborate that of the accomplices, and tends to connect appellant with "the offense committed," towit, being an accomplice to the crime of burglary.

Appellant's next contention, based also on an exception to the charge, is that the court below should have applied the doctrine of reasonable doubt in paragraph eight of the charge wherein the court told the jury that they could not convict unless they believed there was other testimony in the case tending to connect appellant with the offense, if any, committed. The reasonable doubt was plainly presented in paragraph seven of the charge, wherein the law was applied to the facts of the case, and again in paragraph ten of the charge, where said doctrine was applied to the whole case. We think this sufficient.

Appellant next urges that the charge was erroneous in not telling the jury that the corroboration, to be sufficient, must have been as to material matters. The charge followed the form approved in cases too numerous to mention, and told the jury they could not convict on the testimony of the accomplices, unless the jury believed said testimony to be true, and that same showed the guilt of appellant, and further told them that they could not then convict unless they further believed that there was other testimony in the case corroborative of that of the accomplices and tending to connect appellant with the offense, if any, committed; and that the corroboration was not sufficient if it merely showed the commission of the offense. Standfield v. State, 84 Texas Crim. Rep., 437, and Goodwin v. State, 38 S. W. (2d) 806, are cited. It was not intended in the Standfield case to change the rule applicable to charges on accomplice testimony laid down in Oates v. State, 48 Texas Crim. Rep., 131, and approved and followed in many subsequent cases collated in Goodwin's case, supra, in which a charge omitting

the word "material" was approved. Appellant cites Denson v. State, 47 Texas Crim. Rep., 439. We fail to see the application. No witness in that case testified to finding in the possession of the accused the property, the fruits of the burglary, recently taken from the burglarized house. The state in that case relied on proof of certain statements of the accused as corroboration, which this court deemed in no way corroborative. Weatherred v. State, 100 Texas Crim. Rep., 199, is also cited. We have examined this case, and find nothing in same opposing the conclusion we have announced above.

Whetstone v. State, 79 Texas Crim. Rep., 104, opinion by Judge Davidson, is in principle much like the one before us. Judge Morrow in Meredith v. State, 85 Texas Crim. Rep., 239, says: "The question here is not one of the sufficiency of the circumstances to show guilt, but their cogency as tending to corroborate the accomplice testimony." In Fitzgerald v. State, 87 Texas Crim. Rep., 34, we said that the sufficiency of the testimony to corroborate that of the accomplice, being primarily for the jury, would not be disturbed by this court under the facts. See, also, Hunt v. State, 89 Texas Crim. Rep., 211; Lopez v. State, 92 Texas Crim. Rep., 97; Mehlman v. State, 92 Texas Crim. Rep., 557.

There is another rule well settled, which has often been given application, same being a rule of exclusion under which the testimony of the accomplice is laid aside and the other testimony examined to see if there be left facts or circumstances tending to connect the accused with the crime charged. We are of opinion that, if we left out the testimony of the accomplices in this case, there still remains the fact that appellant was found in possession of the recently stolen property, of which possession he made no explanation, and that this, added to the proof showing that there was in fact a burglary, is sufficient to tend to connect appellant with the crime charged. On any fair theory we believe that there is in this case testimony tending to connect appellant with the commission of "the offense committed," towit, being an accomplice to the crime of burglary.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

HAWKINS, JUDGE.—I agree to the disposition of the case. The opinion of affirmance may be subject to the construction that, if the principals in the burglary who testified as accomplice witnesses against accused were corroborated in their tes-

timony as to the commission of the burglary, it would be sufficient in the absence of corroboration upon their claim that appellant advised them to commit the burglary. The law is not so understood by the present writer. In a charge like the present, accomplice witnesses must be corroborated upon the point which would render the accused an accomplice to the ultimate offense committed. Lankford v. State, 50 S. W. (2d) 808; Lamb v. State, 101 Texas Crim. Rep., 557, 275 S. W., 1038; Hall v. State, 52 Texas Crim. Rep., 250, 106 S. W., 379; Weatherred· v. State, 100 Texas Crim. Rep., 199, 272 S. W., 471; Jordan v. State, No. 15619, opinion of February 15, 1933.

MORROW, PRESIDING JUDGE, and HAWKINS, JUDGE (concurring).—It is conceived that a conviction can be sustained alone upon the existence of facts in evidence which meet the measure of the law defining accomplice testimony in exhibiting evidence which tends to corroborate the statement of the principal offenders that they were advised by the appellant to commit the burglary. The offense of which the appellant is charged —that of an accomplice—is unlike that of a conspiracy. The nature of a conspiracy is such that the offense is committed by the agreement. One, therefore, who is charged with a conspiracy, can be convicted upon proof sufficient to corroborate the testimony of an accomplice going to show that the conspiracy was made and that the accused was a party thereto. The conspiracy is the offense, not the consummation of the subject of the conspiracy. One charged as an accomplice, however, by advising the commission of. a subsequent offense in advance of its commission, does not become an accomplice until the substantive offense is committed; that is to say, if in the present case the appellant advised the burglary, he would not be guilty as an accomplice unless the burglary was committed. It therefore follows that the law demands that there be evidence sufficient to corroborate the statements of the accomplices that the appellant was their adviser.

It was shown by the testimony of the perpetrators of the burglary that they committed the offense. That a burglary was committed was also shown by other testimony. Corroboration of the testimony of Frazier and Dyer that they committed the burglary is made by the witnesses Connolly and Parker, and its sufficiency is not open to question. The accomplices claimed that soon after the burglary they delivered the fruits of the crime to the appellant. The evidence shows that the fruits of the crime were found in the possession of the appellant soon after the offense of burglary had been committed.

Upon the finding of the stolen property in the possession of the appellant, he made no explanation of his possession of it. If he had been charged with the burglary, his unexplained possession of the recently stolen property would have been sufficient to convict him of the burglary. According to the accomplices, the appellant advised in advance of the commission of the burglary that he would buy the fruits thereof. Part of the stolen property was found in the appellant's possession at his house, where, according to the accomplices, it was placed at night upon the direction of the appellant and with his assistance. Other than that made by the accomplice witnesses, there is no explanation of the presence of the stolen property in the possession of the appellant. The silence of one upon the discovery of property recently stolen, in his possession and under his exclusive control, has been held in many cases to justify the presumption that the stolen property came unlawfully into the hands of the accused. See Branch's Ann. Tex. P. C., p. 1332.

With the foregoing remarks, we concur in the affirmance of the judgment.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—Appellant urges that the trial court was in error in declining to instruct the jury that the testimony of G. B. Frazier and Eby Dyer relative to breaking and entering the burglarized building could not be used for the purpose of determining appellant's guilt as an accomplice, but could only be considered by the jury on the question as to whether Dyer and Frazier were guilty of the offense of burglary. It was pointed out in the original opinion that Dyer and Frazier testified in detail that appellant suggested to them the burglary of the house, the manner in which the entry should be effected, and the disposition to be made of the property taken from said house. Further, it was pointed out that these witnesses testified that they burglarized the house in the manner suggested by appellant and delivered to him the property taken therefrom. Part of the property taken from the burglarized house was found in appellant's possession. He made no explanation of his possession when first questioned, and did not testify on the trial. The witnesses Dyer and Frazier testified in person. Their version of the transaction did not come from confessions made by them, but from their lips as witnesses as they confronted appellant in the trial of his case. No declarations or admissions made out of court by said witnesses were introduced in evidence. Under the circumstances, the opinion is expressed that the exception to the charge was

not well taken. In his brief appellant cites many cases supporting the proposition that the confession of the principal is admissible on the trial of the accomplice only to prove the principal's guilt, and must be limited in the charge of the court to the purpose for which it was introduced. See Branch's Annotated Penal Code, sec. 71; Aven by State, 177 S. W., 82. Manifestly, the cases relied upon by appellant are not applicable to the present situation.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.