### G. C. CLARK v. THE STATE.

No. 18548.   Delivered December 16, 1936.

The opinion states the case.

*Stinson, Hair, Brooks & Duke,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of being an accomplice to the offense of burglary, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's first contention is that the court erred in overruling his motion to quash the indictment. Looking to the indictment in the light of the objections urged thereto, we are of the opinion that it is sufficient to charge the offense. It

appears to follow the forms heretofore approved by this court.

Appellant next challenges the sufficiency of the testimony to justify the conviction. In order that the reason for our conclusion may appear, we deem it necessary to briefly state the salient facts proven on the trial. On the night of January 6, 1935, some person or persons entered the barn of D. L. Bristow and took therefrom approximately two thousand pounds of cotton seed. The State relied mainly upon the testimony of W. D. Earnest and Jerry Boiles, two accomplices, for proof to establish its case. Each of them testified that prior to the commission of the said offense appellant entered into an agreement with them to go into the business of stealing cotton seed; that in pursuance of said agreement appellant supplied a truck in which they, Earnest and Boiles, might transport cotton seed from burglarized premises; that on Friday night preceding the Sunday night, on which alleged offense was committed, they went out to locate cotton seed which they might steal; that they went to the barn of D. L. Bristow, found seed, but did not take any because they heard some parties talking, which frightened them and they ran away; that on the following morning, being Saturday, they hauled a truck load of cotton seed, which was part of some that appellant had theretofore purchased and stored in a barn, to the oil mill at Abilene and sold them; that on Sunday night they again met with appellant and discussed the matter of stealing Bristow's cotton seed, at which time appellant urged them to do so and furnished them a truck in which to haul the seed; that he told them he would go early the next morning in his car to obliterate the truck tracks; that they went to Bristow's barn, entered it, and took twenty sacks of cotton seed, each of which contained approximately one hundred pounds; that they took this seed to the oil mill at Abilene and had the check made payable to the appellant; that they went to where the appellant had cotton seed stored and took a load of it to the oil mill, sold it, and had the check made payable to the appellant; that they delivered both checks to appellant who endorsed them and turned them over to Mr. Cowell.

Art. 718, C. C. P., 1925, reads as follows:

"A conviction can not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

In order to meet the requirements of this statute the State

sought to corroborate the accomplices, Earnest and Boiles, and in its endeavor to do so proved that some automobiles had passed over the road where the accomplices said they had the truck parked, while they were carrying the seed from the barn to the truck, which obliterated the truck tracks. But no one saw appellant at or near the premises of Mr. Bristow, nor did anyone testify that any of the tracks found near Bristow's premises corresponded with tracks made by appellant's automobile. Hence the circumstances proven are too uncertain to be of any probative force inasmuch as they do not within themselves tend to connect the appellant with the offense charged.

There is not a single fact or circumstance in the record corroborating the testimony of the accomplices that appellant at any time or place ever discussed stealing cotton seed with them, or either of them; or ever hired them to steal cotton seed; or advised, commanded, or encouraged them, or either of them, to steal the Bristow cotton seed. Neither is there any testimony that appellant furnished to the accomplices a truck to steal the Bristow cotton seed, nor that he knew that they were going to steal said seed. It is true that appellant admitted that W. D. Earnest borrowed his truck for the purpose of carrying a girl to church that Sunday night and then to take his sister home, who lived several miles out in the country, and to haul a load of seed for appellant to the oil mill at Abilene the next day; but this does not tend to connect him with the commission of the alleged offense.

The next circumstance proven by which the State sought to corroborate the accomplices is the fact that the two checks issued by the oil mill were made payable to appellant and delivered to him. But we find nothing in the record which indicates that appellant knew that they had stolen the Bristow seed, sold it, and that one of the checks was for the stolen cotton seed except the testimony of the accomplices. It is true that appellant admitted they brought him two checks, but he was under the impression that one check was for seed which he, appellant, owned and which the accomplices had sold for him; and that the other check represented the proceeds of the sale of a load of seed that belonged to Earnest, which Earnest had agreed to loan to appellant to make a payment on the truck. It is obvious that the accomplices could have stolen the seed, hauled them in appellant's truck to the oil mill, sold them, had the checks made payable to him, without any knowledge on his part that one of the checks represented the proceeds of the sale of stolen cotton seed. It is a well recognized

and established rule that corroboration of the accomplice's testimony must be effected by evidence other than that of the accomplice witnesses. The facts to be corroborated must be criminative of defendant on trial and the corroborative evidence must tend to connect defendant directly and immediately with the commission of the offense charged. They need not, however, be sufficient within and of themselves to establish the guilt of the defendant because if that were true, the testimony of the accomplice would be of no value. But in the instant case the evidence corroborative of the accomplices' testimony tending to connect the defendant with the offense of being an accomplice to the offense of burglary is too meager and unsatisfactory in the absence of proof of other circumstances which might, if they existed, have been proved and which would have been more cogent, at least, if not conclusive of his guilt. In support of the views herein expressed we refer to the cases of Buchanan v. State, 25 Tex. App., 546; Nunnally v. State, 90 Texas Crim. Rep., 233, and authorities there cited. See, also, Graves v. State, 58 S. W. (2d) 122.

There are some other interesting questions presented which we do not deem necessary to discuss in view of the fact that we have reached the conclusion that the evidence corroborating the accomplices' testimony is, in our opinion, inconclusive and insufficient to justify the conviction.

It is therefore ordered that the judgment of the trial court be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.