## COY v. STATE.

### No. 19826.

Court of Criminal Appeals of Texas.

Nov. 2, 1938.

Rehearing Denied Jan. 25, 1939.

A. W. Cameron, of Corpus Christi, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft of horses; the punishment, confinement in the penitentiary for two years.

A former appeal is found reported in 131 Tex.Cr.R. 489, 100 S.W.2d 1016. Upon that appeal it was shown that the indictment charged appellant with knowingly receiving and concealing stolen horses. We concluded that the testimony showed the appellant was guilty of theft and not as a receiver of stolen property. We quote from the opinion, as follows:

"According to the testimony of the State, Federico Saenz, Jose Gonzalez, and others went to the pasture of O. M. Kenyon on the 8th of October, 1935, and stole some of his horses and mules. Again, the testimony of the State was to the effect that, prior to the theft, appellant entered into an agreement with Saenz, whereby Saenz and his companions were to steal the animals in question and deliver them to the pasture of appellant. Appellant was then to dispose of said animals and divide the proceeds of the sale with his coconspirators. The proof on the part of the State was to the further effect that after the theft had been committed, appellant not being present at its commission, the animals were delivered to appellant and that he thereafter sold some of them but did not divide the proceeds with his coconspirators. Under the circumstances, appellant was guilty of theft and not as a receiver of stolen property. We quote from McInnis v. State, 122 Tex.Cr.R. 128, 54 S.W.2d 96, 98, as follows:

" 'If Haskett's testimony alone could establish appellant's connection with the transaction, it showed a conspiracy between him, appellant, and Bourland which contemplated the theft of the property from Jackson's, the sale of it, and the division of the proceeds. Haskett was to do the actual stealing, but the conspiracy was not yet ended; appellant and Bourland were to dispose of the property, in which they acted for Haskett as well as themselves, as Haskett was to receive a percentage of the proceeds. Appellant, while not present when the theft was committed, subsequently performed his part under the conspiracy agreement. The fact that he may have failed to pay over to Haskett his part of the money received from Alterman would be immaterial so far as the law is concerned. Under similar facts it has been held many times that accused was guilty as a principal in the theft of the property, and could not be guilty as a receiver of the property.' "

The testimony adduced upon the present trial was substantially the same as that above quoted. Appellant contends that

the accomplice witnesses were not sufficiently corroborated, in that it was shown by their testimony alone that it was agreed between them and appellant that they should steal the animals in question and deliver them to appellant and that he would sell said animals and divide the proceeds with the witnesses. Aside from the testimony of the accomplice witnesses, we find ample non-accomplice testimony to the effect that some mares and mules were stolen from O. M. Kenyon's pasture on October 8, 1935. Mr. Kenyon's pasture fence was down, and he and others found that the tracks of the stolen animals led in the general direction of appellant's pasture. Shortly after the theft, according to the testimony of witnesses who were not accomplices, the stolen mares and mules were in the possession of appellant in his pasture. A colt belonging to one of the mares had been killed and an effort had been made to hide its carcass. The stolen animals were sold to a horse and mule buyer who testified to having received them from appellant. This witness was not an accomplice. He shipped the animals to Livingston, Texas, where they were later identified by Mr. Kenyon. If the testimony of the accomplice witnesses be entirely eliminated, we have sufficient evidence in the record to sustain a conviction for theft. We say this in view of the fact that appellant's possession of the stolen animals was recent and unexplained. It is the rule that the corroborative evidence need not be by itself sufficient to convict, nor need it corroborate the testimony of the accomplices in detail. In Graves v. State, 123 Tex.Cr. R. 226, 58 S.W.2d 122, in holding that the corroborative evidence was sufficient, this court said [page 124]:

"It was shown by the testimony of the perpetrators of the burglary that they committed the offense. That a burglary was committed was also shown by other testimony. Corroboration of the testimony of Frazier and Dyer that they committed the burglary is made by the witnesses Connolly and Parker, and its sufficiency is not open to question. The accomplices claimed that soon after the burglary they delivered the fruits of the crime to the appellant. The evidence shows that the fruits of the crime were found in the possession of the appellant soon after the offense of burglary had been committed. Upon the finding of the stolen property in the possession of the appellant, he made no explanation of his possession of it. If he had been charged with the burglary, his unexplained possession of the recently stolen property would have been sufficient to convict him of the burglary. According to the accomplices, the appellant advised in advance of the commission of the burglary that he would buy the fruits thereof. Part of the stolen property was found in the appellant's possession at his house, where, according to the accomplices, it was placed at night upon the direction of the appellant and with his assistance. Other than that made by the accomplice witnesses, there is no explanation of the presence of the stolen property in the possession of the appellant. The silence of one upon the discovery of property recently stolen, in his possession and under his exclusive control, has been held in many cases to justify the presumption that the stolen property came unlawfully into the hands of the accused. See Branch's Ann.Tex.P.C. p. 1332."

If in a prosecution for being an accomplice to the crime of burglary the recent unexplained possession by the accused of goods stolen from the burglarized building is sufficient to corroborate the testimony of the accomplices relative to the fact that the accused commanded them to commit the burglary, it would seem to follow that the testimony in the present case is sufficient to corroborate the accomplice witnesses. Giving effect to the holding in the Graves Case, we are constrained to overrule appellant's contention.

Appellant made a motion for continuance based on the absence of his counsel. The court heard testimony pro and con on the question of the inability of counsel to be present. We deem it unnecessary to detail the circumstances under which the application was filed. Suffice it to say that we would not feel warranted in holding that the trial judge abused his discretion in overruling the application. See Usher v. State, 47 Tex.Cr.R. 93, 81 S.W. 309; Davis v. State, 69 Tex.Cr.R. 86, 154 S.W. 226.

During the argument counsel for the state used language which is alleged to have been obviously harmful and upon which we are urged to predicate a reversal. No objection was made to the argument at the time and the trial court was not requested to take any action thereon. In Scott v. State, 132 Tex.Cr.R. 517, 105 S. W.2d 242, we used language as follows [page 245]: "We have held many times that to be available objection to argument must be made at the time of the argument."

Failing to find reversible error, the judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

On Motion for Rehearing.

HAWKINS, Judge.

In his motion for rehearing appellant insists that we were in error originally in holding the evidence of non-accomplice witnesses sufficiently corroborated the accomplice witnesses. This contention made it imperative that we again scrutinize the entire statement of facts, which we have patiently done. It would unnecessarily extend this opinion to detail each corroborating piece of testimony, but after as careful analysis of same as we are capable of making the conclusion seems inescapable that appellant's connection with the stolen animals and with the entire transaction was shown by the non-accomplice witnesses to be such as tended to connect appellant with the commission of the theft.

The evidence heard by the trial court relating to the continuance or postponement requested by appellant on account of the absence of his attorney presented an issue of fact the details of which it is not necessary to relate. As said originally, we do not feel warranted in holding that the action of the trial judge was an abuse of judicial discretion in the matter.

The motion for rehearing is overruled.