CHARLIE L. WALDROP V. STATE.

No. 26,753. January 20, 1954.

No attorney for appellant of record on appeal.

*Wesley Dice*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the offense of driving while

intoxicated, and his punishment was assessed at thirty days in jail and a fine of $100.

There is no statement of facts on the main trial in the record.

Appellant complains of the overruling of his motion for a new trial upon the ground that he was placed upon trial in the absence of his attorney.

The evidence heard on said motion reveals the following:

The complaint and information were filed on May 11, 1953. Appellant testified that he engaged an attorney by telephone on May 13 and was notified on May 13 that his case was set for trial on June 23; that he told some one in his attorney's office of the setting; that he telephoned his attorney about the trial on June 22 and the attorney advised him that he could not try the case on June 23; that he appeared in court on June 23 and informed the judge that his attorney could not be there, and the case was passed until June 24. He further said that he had not conferred in person with his attorney about his case and had not paid him any part of the attorney's fee.

Appellant's attorney testified that he wrote a letter to the county attorney on June 22 stating that he would be unable to try the case on June 23 and 24 due to business engagements; that he had communicated with appellant only by telephone about his case.

An accused is required to exercise diligence in securing the services of counsel and we do not think that proper diligence is here shown.

It was stipulated that said attorney never contacted the judge about the setting except to mail him a copy of the letter mailed to the county attorney. It was further stipulated that no written motion for continuance was filed.

This matter was addressed to the discretion of the trial judge and, in the absence of a statement of facts on the merits, we are unable to say that he abused his discretion in overruling appellant's motion for a new trial. Coy v. State, 136 Tex. Cr. R. 79, 123 S.W. 2d 894.

The judgment of the trial court is affirmed.

Opinion approved by the Court.