Charles Henry WARREN, Appellant,

v.

The STATE of Texas, Appellee.

No. 48782.

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

Rehearing Denied Oct. 30, 1974.

Ray A. Bass, III and Randy Schaffer, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Charles Cate, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant was convicted for receiving and concealing property that he knew was stolen, and he was sentenced to two years' imprisonment. His appeal presents questions of double jeopardy, collateral estoppel, sufficiency of the evidence, and corroboration of accomplice witness testi-

mony, as well as four grounds concerning evidentiary questions.

Accomplice witnesses Frederick Quiller and Benny Ford were the admitted burglars of a Mobile service station from which they took twenty-five tires and three cans of oil. They were seen in the act during the early morning hours by a witness who lived near the station. The only information he could give the police was that two black males had used a yellow Hertz Rent-A-Van. He had seen them load the tires in the back and put the cans of oil under the front seat.

That report was broadcast on police radio and about 4:30 a.m. Officer Ellis of the Houston Police Department observed a yellow Hertz Rent-A-Van with two black males and appellant, a white man, in appellant's service station. Appellant, responding to a question, denied renting the truck; Officer Ellis, however, noticed the engine felt very hot and had apparently been quite a distance. Officer Gideon then arrived, looked inside the cab and found the cans of oil. Appellant, seeing this, said, "I told them they couldn't get by with stealing those tires." Officer Gideon asked what tires, and appellant answered that the tires were in his locked storeroom. Appellant voluntarily admitted the officers where they found tires ultimately determined to be those stolen.

It was appellant's contention that he merely leased the van to Quiller and Ford, knew nothing of the planned burglary or, later, of the illegal acquisition of the tires. Benny Ford's testimony corroborated that of the appellant.

 In his first ground of error appellant asserts his prior acquittal of a charge of burglary with intent to commit theft in Cause No. 168,454 in the 177th District Court for Harris County as a bar to the later prosecution for receiving and concealing stolen property. The contention is that the offenses of burglary and of receiving and concealing stolen property are part of the same episode which the State has divided with successive trials. Appellant eloquently urges this court to adopt the "same transaction" or "one criminal episode" theory of double jeopardy and preclude a subsequent prosecution on a different charge following an acquittal on charges arising from the same episode. Appellant asks the court to announce a double jeopardy rule that we do not presently embrace. When formerly convicted, that the offenses charged are separate and distinct, and not subject to the same evidence for conviction, sufficiently satisfies any double jeopardy requirement. Muncy v. State, 505 S.W.2d 925 (Tex.Cr.App. 1974); Lee v. State, 505 S.W.2d 816 (Tex.Cr.App.1974); cf., Ex parte Calderon, 508 S.W.2d 360 (Tex.Cr.App.1974); Duckett v. State, 454 S.W.2d 755 (Tex.Cr. App.1970); Price v. State, 475 S.W.2d 742 (Tex.Cr.App.1972). Similarly, prior acquittals only prevent subsequent prosecutions where the defendant is subject to conviction for the same act. Vasquez v. State, 163 Tex.Cr.R. 16, 288 S.W.2d 100 (1956). It has been held that receiving and concealing are separate and distinct offenses from theft, Punchard v. State, 124 Tex.Cr.R. 101, 61 S.W.2d 495 (1933), and burglary, Alarcon v. State, 92 Tex.Cr.R. 288, 242 S.W. 1056 (1922); Allen v. State, 76 Tex.Cr.R. 416, 175 S.W. 700 (1915); Richardson v. State, 75 S.W. 505 (Tex.Cr. App.1903).

The appellant asks us to go, using our State Constitution, beyond the position held by a majority of the United States Supreme Court to be required by the Fifth Amendment. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). This we decline to do.[1]

The ground of error is overruled.

1. We expressly reserve the question of the effect on double jeopardy of the consolidation of theft offenses provision in § 31.02 or the consolidation and joinder of prosecutions provision in § 3.02, V.A.T.S. Penal Code (1973), effective January 1, 1974.

Appellant urges in his second ground of error that the constitutionally based doctrine of collateral estoppel prevents introduction of evidence of the alleged agreement between appellant and Quiller because the first jury, by not convicting, decided that there was no agreement and that issue may not be relitigated.

■ The Fifth Amendment prohibition against double jeopardy also encompasses collateral estoppel and applies to the states through the Fourteenth Amendment. Ashe v. Swenson, supra; Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed. 2d 707 (1969). The State is estopped from relitigating issues necessarily decided by jury in an earlier case involving the same defendant. In Ashe v. Swenson, supra, the only distinction in the two cases was that the victim in each case was a different person; the question on which the cases turned, and that the first jury decided, was the identity of the assailant. Similarly in United States v. Simon, 225 F.2d 260 (3rd Cir. 1955), cited by the appellant, the question of knowledge, decided in a receiving stolen property case, could not be relitigated using the same evidence when the same defendant was charged with concealing stolen property.

■ In the case at bar, appellant was acquitted in a prosecution for burglary with intent to commit theft. The elements of the offense necessary to prove the guilt of a principal not present at the scene include an agreement, that the crime occurred during the existence of the agreement, and that the defendant was at the time of its commission doing some act in furtherance of the common design. The jury could have found against the State on any of these points and did not necessarily decide any one.

More importantly, the evidence sought to be suppressed by the appellant was not introduced here on the issue of whether there was an agreement to burglarize; such agreement is not a prerequisite to guilt for receiving and concealing. The evidence was pertinent to appellant's knowledge that the tires were illegally obtained. It was not an issue previously litigated.

The ground of error is overruled.

■ Appellant, in his third and fourth grounds, challenges, in two ways, the sufficiency of the evidence to convict for receiving and concealing stolen property. The initial contention is that there is no evidence that the transaction was complete as to any of the parties as it needs to be to sustain appellant's conviction because the appellant cannot be guilty of both the theft and receiving and concealing the same property. If any act remained to be done to complete the offense; e. g., if, as he argues, the tires and oil were yet to be sold and Quiller and Ford paid from the proceeds, appellant would be liable as a principal to burglary or theft but not for receiving and concealing. If, however, Quiller and Ford had intended to be paid a fixed sum either on delivery or thereafter, not contingent on the sale of the booty, the conviction for receiving and concealing stolen property could stand. He cites Petty v. State, 128 Tex.Cr.R. 562, 82 S.W.2d 965 (1935); Gammel v. State, 124 Tex.Cr. R. 328, 62 S.W.2d 139 (1933); Byrd v. State, 117 Tex.Cr.R. 489, 38 S.W.2d 332 (1931).

There is no evidence that Quiller and Ford would be paid only from proceeds. At best, from the testimony advanced, Quiller was not sure when he was to be paid but in all likelihood it was to be $7.00 per tire within the next day. Such uncertainty by the witness does not imply the appellant was to sell the tires and pay Quiller and Ford from the proceeds. Appellant's claim is without merit.

■ The next point urged is that the testimony of accomplice Quiller is not adequately corroborated. There may not be a conviction upon accomplice testimony without corroborating evidence tending to con-

nect the defendant with the offense committed. Article 38.14, Vernon's Ann.C.C.P. (1972). The test is, as iterated in various cases, to eliminate from consideration the evidence of the accomplice witness and then examine the other evidence *to see if it tends to connect the defendant with the offense.* Edwards v. State, 427 S.W.2d 629 (Tex.Cr.App.1968). Although appellant asserts otherwise, the corroboration need only *tend* to connect the accused with the offense charged. Article 38.14, V.A. C.C.P.; Sheffield v. State, 371 S.W.2d 49 (Tex.Cr.App.1963), and make the accomplice's testimony more likely true than not. The accomplice need not be supported as to every element of the offense. Sheffield v. State, supra. In receiving and concealing cases, the corroboration required includes corroboration of defendant's knowledge that the property is stolen. Sanders v. State, 144 Tex.Cr.R. 526, 164 S.W.2d 685 (1942); Hall v. State, 373 S.W.2d 252 (Tex.Cr.App.1963), but that may be done by defendant's own statements to the police, Barnett v. State, 163 Tex.Cr.R. 270, 290 S.W.2d 234 (1956), or the circumstances of the particular case, Graves v. State, 123 Tex.Cr.R. 226, 58 S.W.2d 122 (1933).

■ Here there is evidence to corroborate Quiller's testimony that appellant knew the tires were stolen. Appellant's rental van was used in the burglary and he at first denied that the van had been used at all that night. Appellant allowed the use without any kind of lease agreement. The two men returned with the van at 4:15 a. m., loaded with twenty-five new tires which appellant allowed to be unloaded and locked in his storeroom. Finally, the police officers testified that appellant exclaimed voluntarily, "I told them they couldn't get by with stealing those tires." Taken as a whole, the other evidence corroborates the accomplice testimony.

The grounds of error are overruled.

Appellant's fifth ground of error concerns the following testimony by Quiller:

"Q. [by the State]: Freddie, when did you expect to get the money for these tires?

"A. Well, like all the rest of the time. You know, we didn't get to unload them. Get it early the next morning, early the next evening."

Appellant's objection to the unresponsive answer about the "rest of the times" was sustained, the witness was cautioned to limit his remarks to the question asked, and the jury was admonished to disregard the answer. Appellant's motion for a mistrial because of the prejudicial nature of the witness' gratuitous statement was overruled.

■ Generally, improper testimony heard by a jury can be cured by the court's instruction to the jury except where it appears the question or the testimony is clearly calculated to inflame or prejudice the minds of the jury and is of such a character that the impression it creates cannot be withdrawn from the jury. White v. State, 444 S.W.2d 921 (Tex.Cr. App.1969); Hopkins v. State, 480 S.W.2d 212 (Tex.Cr.App.1972).

■ Appropriate instructions have been held to cure improper references by prosecutors to extraneous offenses or other matter not in the record, Bermudez v. State, 504 S.W.2d 868 (Tex.Cr.App.1974); Hodge v. State, 488 S.W.2d 779 (Tex.Cr. App.1973), and by witnesses volunteering answers. Bolden v. State, 504 S.W.2d 418 (Tex.Cr.App.1974). The witness' uncalled for testimony here, while undoubtedly improper, was cured by immediate response of the trial judge and is not of such a prejudicial nature that an unalterable impression was produced in the minds of the jurors. It was not error to fail to grant a mistrial.

The ground of error is overruled.

Appellant claims in his sixth ground of error that the trial court erred in admitting evidence obtained as the result of unrea-

sonable search and seizure. Specifically, appellant urges there was neither probable cause nor exigent circumstances justifying the warrantless search of the Hertz van, the fruits of which are claimed to be the tires in appellant's storeroom.

■■■ We find it unnecessary to determine the legality of the search of which appellant complains. Appellant's voluntary testimony concerning the presence of the tires in his storeroom has rendered harmless any error in the admission. The legality of a search need not be considered when the defendant testifies to or otherwise produces evidence of the same facts, or if such facts are in the record without objection. Creel v. State, 493 S.W.2d 814 (Tex.Cr.App.1973); Moulton v. State, 486 S.W.2d 334 (Tex.Cr.App.1971); Gonzales v. State, 389 S.W.2d 306 (Tex.Cr.App. 1965), cert. den. 382 U.S. 992, 86 S.Ct. 570, 15 L.Ed.2d 478 (1966). Appellant's possession of the tires, the alleged "fruit," is not in dispute. He admits possession in his testimony, that Quiller and Ford unloaded the tires with his permission. His defense, and the primary issue, is whether he had knowledge that the tires were stolen. The mere presence on his property of the subject of the search has no bearing on the knowledge required for a conviction for receiving and concealing property. The acknowledgment by appellant of possession, a noncontroversial issue, and the similar testimony by Benny Ford as appellant's witness distinguish this case from Nicholas v. State, 502 S.W.2d 169 (Tex.Cr.App. 1973), which limited the waiver by a defendant of improperly admitted evidence.

Appellant's seventh ground of error challenges the admission in evidence, over timely objection, of three oral statements made by appellant when he had not received the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and Article 38.22, V.A.C.C.P. The first statement was in response to Officer Ellis' question asking whether appellant had rented the van that night. Appellant answered, "No, I just brought it around from back about an hour ago." The second statement was made after appellant saw Officer Gideon discover Mobil oil cans under the front seat of the van. The appellant said, "I told those boys they couldn't get by stealing those tires." The third statement was made after Officer Gideon had asked to see the forms that had been filled out when the truck was rented. Appellant said, "No, I don't have any paper work."

■■■ The initial consideration is whether the statements satisfy the requirements of Miranda v. Arizona, supra, and then whether Article 38.22, V.A.C.C.P., will permit their introduction. If Miranda requires exclusion, the inquiry regarding admissibility ends. Smith v. State, 507 S. W.2d 779 (Tex.Cr.App.1974); Moore v. State, 505 S.W.2d 887 (Tex.Cr.App.1974). Miranda warnings about the accused's right to counsel and right to remain silent are required only prior to custodial interrogation. When the police first began their investigation at appellant's service station, the call on the radio had been only for two black men—appellant, a white man, was under no suspicion. The fact that he operated the station made it logical for the officers to direct questions at him. Appellant was sufficiently free of suspicion at the time of the investigation that neither the question whether the van had been rented, Calhoun v. State, 466 S.W.2d 304 (Tex.Cr.App.1971); Hoover v. State, 449 S.W.2d 60 (Tex.Cr.App.1969), nor the volunteered statement that he told the boys they couldn't get by stealing tires, Jones v. State, 442 S.W.2d 698 (Tex.Cr.App.1969), required Miranda warnings. This was not custodial interrogation.

■■■ The query about the invoice which apparently came after the discovery of the tires in appellant's storeroom is a closer question. Better practice would have been for the officer to inform appellant of his

rights when the tires were found in a room under appellant's control. However, we need not decide whether such omission was erroneous as appellant's answer did not significantly contribute to the prosecutor's case. The error, if any, would be harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); United States v. Rosa, 493 F.2d 1191 (2nd Cir. 1974).

■ Article 38.22 allows the admission of oral statements made by the accused in limited circumstances. A statement that is res gestae of the offense or the arrest is admissible in evidence under the provisions of Article 38.22(1)(f) even though made in response to questions. See Hill v. State, 420 S.W.2d 408 (Tex.Cr. App.1967). The first statement by appellant that the van had not been rented that night and the third that he had no paper work on the rental are res gestae of the offense. They were of such a spontaneous nature and appellant was still outside the ambit of suspicion that no Article 38.22 warning was required. Phenix v. State, 488 S.W.2d 759 (Tex.Cr.App.1973).

■ Similarly, the need for statutory warning is obviated (although the *Miranda* requirements must be satisfied) when the "defendant makes a statement of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, . . ." Article 38.22(1)(e), V.A.C.C.P. Thus, the admission of the statement, "I told those boys they couldn't get by with stealing those tires," which led to the admission that the tires were in appellant's storeroom is proper. Jobe v. State, 464 S.W.2d 137 (Tex.Cr.App.1971). These statements would also satisfy the spontaneity, excited utterance requirements of Article 38.22(1)(f). Jobe v. State, supra; Walker v. State, 470 S.W.2d 669 (Tex.Cr.App.1971).

The ground of error is overruled.

■ The appellant contends in his eighth ground of error that the trial court erred in refusing to allow appellant's trial counsel to inquire into Frederick Quiller's juvenile record. Appellant cites the recently decided United State Supreme Court case of Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), as authority for this proposition. Appellant concedes his failure to perfect a bill of exception concerning the juvenile record but asserts that counsel could not have been expected to predict a Supreme Court decision, and further, such a limiting of cross-examination is now fundamental error, not requiring objection or bill of exception.

Even if the alleged ground of error had been properly preserved for review, Davis can be distinguished from this case. In Davis, the juvenile record was sought to show the witness' bias or prejudice because he was still on probation from the prior offense and possibly subject to pressure from police and prosecutors. Here there is no showing of probationary status for witness Quiller; it appears the only reason for the inquiry was general impeachment and Davis did not encompass that. 94 S. Ct. at 1108; see also Stewart, J., concurring 94 S.Ct. 1112. Therefore, the trial court did not err in excluding the questions about the juvenile record as Texas' statute precluding admission of juvenile records into evidence still prevails. Article 2338–1, § 13(e), Vernon's Ann.Tex.Civ.St.; Rivas v. State, 501 S.W.2d 918 (Tex.Cr.App. 1973).

The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

ONION, P. J., concurs in result.