**Facundo VALDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–85–014–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 14, 1985.

Rehearing Denied Dec. 12, 1985.

Matias Morin, Jr., Edinburg, Joseph A. Connors, III, McAllen, for appellant.

Rene Guerra, Theodore C. Hake, Edinburg, for appellee.

Before UTTER, KENNEDY, and SEERDEN, JJ.

## OPINION

UTTER, Justice.

A jury found appellant guilty of murder and assessed his punishment at 20 years in the Texas Department of Corrections.

█ In his first ground of error appellant contends that the non-accomplice evidence insufficiently corroborates the testimony of his accomplices. Since Texas law prohibits a conviction based on accomplice testimony alone, non-accomplice evidence must be produced which tends to connect the accused to the offense committed. TEX.CODE CRIM.PROC.ANN. art. 38.14 (Vernon 1979). If independent corroborating evidence is not introduced, the accused must be acquitted despite the accomplice's incriminatory testimony. *Walker v. State,* 615 S.W.2d 728 (Tex.Crim.App.1981). We, therefore, summarize the accomplice testimony and the non-accomplice evidence relied upon by the State as corroboration.

The accomplice testimony shows that on the night of December 16, 1983 appellant and three accomplices set out to burglarize the home of Sam Rohr. The three accomplices testified to essentially the same set of facts, and although minor inconsistencies do exist, none concerns the primary facts incriminating appellant. The accomplice testimony shows that appellant and the three accomplices went to the Rohr house believing it to be unoccupied. After looking in the windows of the house, however, they discovered persons inside. Two of the accomplices, Robert Montelongo and Manuel Granados, suggested that they leave without burglarizing the house. Appellant, however, refused to leave and broke the bathroom window. Appellant then put the barrel of a rifle through the window, shot and killed Sam Rohr. The

four did not enter the Rohr home and fled from the scene by running along several canals and through a cornfield. After this flight, appellant hid the rifle used to shoot Rohr under a bush and the four then went to appellant's house.

Manuel Granados, one of the accomplices, further testified that on the night of the shooting the rifle which appellant used to shoot Rohr had been holstered and that appellant left the holster in the cornfield by the house. He further identified State's exhibit 9 as the rifle appellant used to kill Rohr. Granados explained that at some time after the killing he took appellant to the house of someone named Francisco to sell the rifle.

The non-accomplice witnesses included police officers who investigated the murder site, the victim's wife, and Francisco Gamez Rodriguez. Appellant contends that evidence admitted through these witnesses only corroborates extraneous evidence which does not link appellant to the offense.

The State, for its part, contends that the evidence tending to connect appellant to the Rohr killing falls into two categories:

1) evidence concerning the rifle admitted as State's exhibit 9, and
2) the testimony of officers about the physical evidence discovered in the course of their investigation.

We now set forth the relevant non-accomplice testimony. The victim's wife testified that she and her husband were home watching television on the night of the killing. Sam Rohr had gone to the bathroom to get some aspirin when Mrs. Rohr heard something break. There was a period of silence and then she heard a shot. Sam Rohr came out of the bathroom wounded, told her to call the police, and then fell to the floor. This testimony, while consistent with that of the accomplices' version of events, does not connect appellant to the offense.

A criminal investigator for the Hidalgo County Sheriff's Department testified that he searched around the home for tracks and physical evidence. Underneath the bathroom window, he discovered a tennis shoe print. This print was later determined to belong to Manuel Granados. The investigator further testified that he discovered four sets of tracks going to and leading away from the Rohr house. Some prints which could barely be distinguished and which were too faint to be photographed were located near the Rohr house and possessed similarities in common with appellant's shoes.

Francisco Gamez Rodriguez testified that sometime in 1983 appellant sold him a .22 rifle. Rodriguez testified that Manuel Granados was present with appellant when he, Rodriguez, purchased the rifle. Rodriguez identified State's exhibit 9 as the rifle he purchased from appellant.

Ken Odom, a neighbor of the victim, testified that State's exhibit 9 was a rifle which had been stolen from his home in early December 1983.

An expert witness testified that the bullet which killed Sam Rohr was fired from one of only ten peculiar rifles manufactured by the Ithaca Company. The expert testified to the peculiar manufacturing methods used by Ithaca which supported his testimony. The expert identified State's exhibit 9 as one of the ten guns which could have fired the fatal bullet. He then testified that it would have been "somewhat unlikely" for Ithaca to have shipped the ten guns with the common peculiar characteristics to the same retailer.

Before explaining why we find the non-accomplice testimony sufficient to support the accomplice testimony, we set forth the applicable appellate standard of review, quoting from *Cruz v. State*, 690 S.W.2d 246 (Tex.Crim.App.1985):

> The test to determine the sufficiency of the corroboration is to eliminate from consideration the testimony of the accomplice witnesses and then examine the testimony of the other witnesses to ascertain if there is inculpatory evidence which tends to connect the accused with the commission of the offense.

■ All the facts and circumstances in evidence may be viewed to furnish the necessary corroboration, and the corroborative evidence may be circumstantial or direct; the corroboration need not directly link the accused to the crime or be sufficient in itself to establish guilt. *Granger v. State*, 683 S.W.2d 387 (Tex.Crim.App.1984). The corroborating evidence need only make the accomplice testimony more likely than not. *Warren v. State*, 514 S.W.2d 458 (Tex. Crim.App.1974).

In *Paulus v. State*, 633 S.W.2d 827, 846 (Tex.Crim.App.1982) the Court of Criminal Appeals further stated:

Apparently insignificant circumstances sometimes afford the most satisfactory evidence of guilt and corroboration of the accomplice witnesses' testimony.

In *Walker v. State*, 615 S.W.2d 728 (Tex. Crim.App.1981) the corroborative evidence was found to be insufficient where the State's exhibit was one of eight different models of .22 caliber rifles which could have fired the fatal shot, and 558,000 rifles of the same model had been manufactured. Comparing *Walker* with the present case, the corroborating evidence in the present case is stronger than that in *Walker*.

In *Cruz v. State*, 690 S.W.2d 246 (Tex. Crim.App.1985), the corroborative evidence was found to be insufficient. No connection at all was shown between the rifle and pistol the defendant had been seen with and the murder weapon.

In *Eckert v. State*, 623 S.W.2d 359 (Tex. Crim.App.1981) the rifle that fired the shell recovered at the scene of the crime, an attempted murder, was positively identified as belonging to the defendant. The Court of Criminal Appeals stated that although the evidence did not directly establish the defendant's guilt, it did tend to connect him with the offense and was sufficient to corroborate the accomplice testimony.

The State's non-accomplice testimony in the present case does not conclusively establish that State's exhibit 9 was the murder weapon. However, the fact that the gun was only one of ten possible guns manufactured which could have fired the fatal shot does "tend" to make the accomplice testimony that State's exhibit 9 was the murder weapon more believable than not. The State, by non-accomplice testimony, clearly linked appellant to State's exhibit 9. Thus, there is some evidence which tends to connect the appellant to the offense. This is especially so when considered in conjunction with the non-accomplice evidence of Rodriguez showing that Granados was with appellant when he, appellant, sold the gun to Rodriguez. The evidence thus shows that appellant disposed of the weapon and thus corroborates the testimony of the accomplice witness Granados.

The State cites two additional factors which, while clearly insufficient by themselves, tend to connect the accused to the offense. First, appellant's shoes were compared to shoe prints found at the scene and some similarities were noticed. While the State's evidence on this point is weak, this evidence does nonetheless add to the non-accomplice evidence tending to connect appellant to the offense.

Second, the State's physical evidence shows four sets of tracks leading to and away from the house. Each accomplice testified that four persons went to the Rohr house. Three accomplices testified that appellant was the fourth person. While the four sets of tracks do not directly link the appellant to the offense, when considered with the evidence that similarities were noted between appellant's shoes and one of the tracks, this evidence also adds to that tending to connect appellant to the offense.

■ When all the non-accomplice evidence is considered, we conclude that the non-accomplice testimony and physical evidence adequately supports the accomplice testimony by tending to connect appellant to the offense. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the trial court erred in overruling his objection to Ken Odom's testimony that his house had been burglarized. At trial appellant objected to Odom's testimony arguing that the State was trying to inject prejudicial matters and extraneous offense. Appellant's objection was overruled and Odom testified that State's exhibit 9 was taken from his house during the burglary of his home.

Generally, evidence of extraneous offenses may be admitted where the transaction is relevant to a material issue in the case and the relevancy value of the evidence outweighs its inflammatory or prejudicial potential. *Williams v. State,* 662 S.W.2d 344 (Tex.Crim.App.1983). Here, appellant was not shown to have participated in the burglary of the Odom house, and we do not believe that the State suggested that appellant may have been involved in that burglary. The State's evidence shows that appellant purchased the rifle taken in the burglary from Robert Montelongo, who testified that he hid the rifle for about three days and sold it to appellant. Thus, the evidence shows that appellant purchased the rifle rather than taking it in the Odom burglary.

However, even if this evidence did tend to connect appellant with the Odom burglary, that evidence would then be relevant as to whether appellant along with his friends were then the individuals who attempted to burglarize the Rohr house on the night of December 16, 1983.

In either event, the relevancy value of the evidence outweighs the prejudicial effect. Moreover, even if the evidence were improperly admitted, when viewed in context with the accomplice testimony which overwhelmingly incriminated appellant, the admission would have been harmless. Appellant's second ground of error is overruled.

The judgment of the trial court is AFFIRMED.